IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRHUEB INC.<br><br>     Plaintiff,<br><br>v.<br><br>THIAGO SABINO DE FREITAS ABDALA<br>and PRISCILA PATTO<br><br>     Defendants. | Case No. 1:21-cv-7395 (RA) |

**ANSWER OF DEFENDANTS THIAGO SABINO DE FREITAS ABDALA AND
PRISCILA PATTO TO COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendants Thiago Sabino de Freitas Abdala ("Thiago") and Priscila Patto ("Priscila") (collectively "Defendants"), by their undersigned counsel, respond to the Complaint of Plaintiff, FRHUEB Inc. ("Plaintiff"), as follows:

**NATURE OF THE ACTION**

1. Defendants admit that the Complaint in this action alleges claims for trademark infringement, unfair competition, breaches of fiduciary duties, trademark dilution, and misappropriation against Defendants. Defendants lack sufficient knowledge to admit or deny any remaining allegations in paragraph 1.

2. Defendants deny that Plaintiff is the owner of the registered Marks and lack sufficient knowledge to admit or deny the remaining allegations in paragraph 2, and on that basis deny those allegations.

3. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 3, and on that basis deny those allegations.

4. Defendants were never employed by Plaintiff FR HUEB Inc. and therefore deny the

allegations in paragraph 4.

5. Defendants deny the allegations in paragraph 5.

6. Defendants admit that they received a cease and desist letter from Plaintiff's counsel on August 28, 2021. Defendants deny the remaining allegations in paragraph 6.

7. Defendants deny the allegations in paragraph 7.

8. Defendants deny the allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny that Plaintiff is entitled to relief against them.

## THE PARTIES

11. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 1, and on that basis deny those allegations.

12. Defendants admit that Defendant Thiago Sabino De Freitas Abdala is an individual who is domiciled in the State of New York but deny the remaining allegations in Paragraph 12.

13. Defendants admit that Defendant Priscila Patto is an individual and spouse of Thiago Sabino De Freitas Abdala and is domiciled in the State of New York but deny the remaining allegations in Paragraph 13.

## JURISDICTION AND VENUE

14. Defendants deny that Plaintiff has stated any claim against them or that they are liable to Plaintiff for any claims. However, Defendants admit that facts have been pleaded to suggest that subject matter jurisdiction of this Court over causes of action which are brought under the Lanham Act or New York law is proper.

15. Defendants admit that suit may be brought against them in this District because Defendants are domiciled in the State of New York. Defendants deny the remaining allegations

in paragraph 15.

16. Defendants lacks sufficient knowledge to admit or deny the allegations in paragraph 16, and on that basis deny those allegations.

## FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

17. Defendants deny that Plaintiff is the owner of the registered Marks and lack sufficient knowledge to admit or deny the remaining allegations in paragraph 17, and on that basis deny those allegations.

18. Defendants deny that Plaintiff is the owner of the registered Marks and lack sufficient knowledge to admit or deny the remaining allegations in paragraph 18, and on that basis deny those allegations.

19. Defendants admit that the HUEB trademark originated in Brazil with the Hueb family, specifically, Defendant Thiago's grandmother, Fadua Miguel Hueb. Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 19, and on that basis deny those allegations.

20. Defendants admit that HUEB has been used in connection with the sale of jewelry. Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 20.

21. Defendants admit that HUEB is used in connection with jewelry sold at Neiman Marcus but are without sufficient knowledge to admit or deny the remaining allegations in paragraph 21.

22. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 22, and on that basis deny those allegations.

23. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph

23, and on that basis deny those allegations.

24. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 24, and on that basis deny those allegations.

25. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 25, and on that basis deny those allegations.

26. Defendants deny the allegations in paragraph 26.

27. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 27, and on that basis deny those allegations.

28. Defendants deny that they were ever employed by Plaintiff FR HUEB Inc. and therefore deny all of the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny that they are liable to Plaintiff for trademark infringement or any other claims. Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 30, and on that basis deny those allegations.

31. Defendants deny the allegations in paragraph 31.

32. Defendants admit that they attended the Couture trade show in Las Vegas, Nevada but deny the remaining allegations in paragraph 32.

33. Defendants deny that they currently operate an Instagram page using the handle @HUEBNEWYORK.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants deny the allegations in paragraph 37.

38. Defendants admit that they received a cease and desist letter from Plaintiff's attorneys dated August 28, 2021, but deny the remaining allegations in paragraph 38.

39. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 39, and on that basis deny those allegations.

40. Defendants admit that a TTAB trademark cancellation proceeding was brought by Fadua Miguel Hueb against FR Hueb International, Ltd. on February 5, 2021. Defendants admit that Fadua Miguel Hueb is Defendant Thiago's grandmother and that she lives in Brazil. Defendants lack sufficient knowledge to admit or deny the remaining allegations in paragraph 40, and on that basis deny those allegations.

41. Defendants deny the allegations in paragraph 41.

42. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 42, and on that basis deny those allegations.

43. Defendants deny the allegations in paragraph 43.

44. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 44, and on that basis deny those allegations.

## CAUSES OF ACTION
### First Cause of Action:
### Trademark Infringement, 15 U.S.C. § 1114(1)

45. Defendants repeat the responses contained in the foregoing answering paragraphs as if fully set forth herein.

46. Defendants deny the allegations in paragraph 46.

47. Defendants deny the allegations in paragraph 47.

48. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 48, and on that basis deny those allegations.

49. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 49, and on that basis deny those allegations.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

## Second Cause of Action:
## False Designation of Origin and False Description, 15 U.S.C. § 1125(a)(1)(A)

57. Defendants repeat the responses contained in the foregoing answering paragraphs as if fully set forth herein.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants deny the allegations in paragraph 61.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

## Third Cause of Action:
## False Advertising, 15 U.S.C. § 1125(a)(1)(B)

64. Defendants repeat the responses contained in the foregoing answering paragraphs as if fully set forth herein.

65. Defendants deny the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

68. Defendants deny the allegations in paragraph 68.

**Fourth Cause of Action:**
**<u>Trademark Dilution, 15 U.S.C. § 1125(c)</u>**

69. Defendants repeat the responses contained in the foregoing answering paragraphs as if fully set forth herein.

70. Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. Defendants deny the allegations in paragraph 73.

74. Defendants deny the allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

**Fifth Cause of Action:**
**<u>Injury to Business Reputation and Dilution Under N.Y. G.B.L. §360-1</u>**

77. Defendants repeat the responses contained in the foregoing answering paragraphs as if fully set forth herein.

78. Defendants deny the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants deny the allegations in paragraph 81.

**Sixth Cause of Action:**
**<u>Deceptive Business Practices/Unfair Competition Under N.Y. G.B.L. §349</u>**

82. Defendants repeat the responses contained in the foregoing answering paragraphs as

if fully set forth herein.

83. Defendants deny the allegations in paragraph 83.

84. Defendants deny the allegations in paragraph 84.

85. Defendants deny the allegations in paragraph 85.

### Seventh Cause of Action:
### Common Law Trademark Infringement, Unfair Competition, and Misappropriation

86. Defendants repeat the responses contained in the foregoing answering paragraphs as if fully set forth herein.

87. Defendants deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89.

### Eighth Cause of Action:
### Unjust Enrichment

90. Defendants repeat the responses contained in the foregoing answering paragraphs as if fully set forth herein.

91. Defendants deny the allegations in paragraph 91.

92. Defendants lack sufficient knowledge to admit or deny the allegations in paragraph 92, and on that basis deny those allegations.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95. Defendants deny the allegations in paragraph 95.

### Ninth Cause of Action:
### Breach of Fiduciary Duties

96. Defendants repeat the responses contained in the foregoing answering paragraphs as if fully set forth herein.

97. Defendants deny the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 98.

99. Defendants deny the allegations in paragraph 99.

<b>Tenth Cause of Action:<br>
<u>Breach of Fiduciary Duties/New York's Faithless Servant Doctrine</u></b>

100. Defendants repeat the responses contained in the foregoing answering paragraphs as if fully set forth herein.

101. Defendants deny the allegations in paragraph 101.

102. Defendants deny the allegations in paragraph 102.

103. Defendants deny the allegations in paragraph 103.

104. Defendants deny the allegations in paragraph 104.

105. Defendants deny the allegations in paragraph 105.

106. Defendants deny the allegations in paragraph 106.

107. Defendants deny the allegations in paragraph 107.

Defendants deny that Plaintiff is entitled to any of the relief requested in the Complaint. Any allegations set forth in Plaintiff's Complaint that Defendants have not expressly set forth in this Answer are expressly denied.

<b><u>AFFIRMATIVE DEFENSES</u></b>

Reserving the right to raise additional defenses which may become available during the course of discovery, Defendants hereby assert the following affirmative defenses to the claims asserted by Plaintiff:'"'

<b>FIRST AFFIRMATIVE DEFENSE<br>
(Failure to State a Claim)</b>

1. Plaintiff's claims are barred, in whole or in part, because it has suffered no damages

or its damages, if any, are not of the nature and extent alleged.

## SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

2. Plaintiff's claims are barred, precluded, or limited by equitable estoppel. At least as early as 2011, Defendant Thiago has used the surname "Hueb" both personally and professionally and as a trade name in the jewelry industry. On information and belief, Plaintiff and/or its predecessors knew that Defendant Thiago used the name "Hueb" as a surname both personally and professionally. On information and belief, Plaintiff and/or its predecessors knew or should have known that Defendant Thiago uses the name "Hueb" as a trade name in the industry. On information and belief, Plaintiff's silence and inaction in conjunction with the Defendant's use of the name Hueb led the Defendants to reasonably infer that claims would not be asserted against them related to the Hueb name. On information and belief, Plaintiff and/or its predecessors through its business dealings with the Defendants, acquiesced to Defendant Thiago's professional use of the name Hueb over the past decade and should therefore be estopped from now challenging the Defendants use of the name Hueb.

## THIRD AFFIRMATIVE DEFENSE
### (Laches and Acquiescence)

3. Plaintiff's claims are barred, precluded, or limited or limited by laches and acquiescence. At least as early as 2011, Defendant Thiago has used the surname "Hueb" both personally and professionally and as a trade name in the jewelry industry. On information and belief, Plaintiff and its predecessors knew that Defendant Thiago used the name "Hueb" as a surname both personally and professionally. On information and belief, Plaintiff and its predecessors knew or should have known that Defendant Thiago uses the name "Hueb" as a

trade name in the industry. Plaintiff's unreasonable delay in bringing this petition has caused and will cause the Defendants material prejudice.

## FOURTH AFFIRMATIVE DEFENSE
### (Fair Use)

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of fair use, nominative fair use and/or descriptive use. "Hueb" is descriptive and a personal name. The surname Hueb comes from Defendant Thiago's maternal grandmother. Defendant Thiago has used the name Hueb both professionally and personally for over a decade.

## FIFTH AFFIRMATIVE DEFENSE
### (Invalid Mark)

5. Plaintiff's claims are barred in whole or in part to the extent that the trademark rights and registrations asserted by Plaintiff are invalid and/or unenforceable. On information and belief, Plaintiff FR HUEB Inc. is not the legal owner of the HUEB trademark registrations. On information and belief, any purported assignment of the HUEB mark to Plaintiff or Plaintiff's predecessors is invalid.

## SIXTH AFFIRMATIVE DEFENSE
### (Misuse of Trademark)

6. Plaintiff's claims are barred, in whole or in part, under the doctrine of trademark misuse. On information and belief, Plaintiff's actions are based on an incorrect assertion of rights with an improper purpose. On information and belief, Plaintiff is attempting to prevent Defendants and by extension, the rest of the Hueb family, from using its family name in the United States.

## SEVENTH AFFIRMATIVE DEFENSE
### (Fraud)

7. Plaintiff's claims are barred in whole or in part by fraud on the United States Patent &

Trademark Office ("USPTO"). On information and belief, Plaintiff is not the registered owner of the Marks. On information and belief, the federal registrations upon which Plaintiff's claims are based are invalid and were fraudulently obtained. Specifically, registrant FR Hueb International Ltd. represented to the USPTO in its applications for registration of the HUEB Marks that it had legal, assigned rights to the marks. On information and belief, the assignment agreement granting rights to FR Hueb International Ltd. was faulty and invalid. On information and belief, at time of filing the original applications, FR Hueb International Ltd. knew it was not the legal owner of the marks and thereby knowingly made a false, material representation with the intent to deceive the USPTO that it had legal, assigned rights to the mark.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Damage)

8. Without admitting that the Complaint states a claim, there has been no damage in any amount, manner or at all by reason of any act alleged against Defendants in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

## NINTH AFFIRMATIVE DEFENSE
### (Innocent Infringement)

9. The claims made in the Complaint are barred, in whole or in part, because any infringement, if any, was innocent.

## TENTH AFFIRMATIVE DEFENSE
### (*de minimis* Use)

10. Even if Defendants engaged in activity that could be deemed to be an infringement of a valid mark, which Defendants deny, any such use was *de minimis* and caused no likelihood of confusion or damages. Accordingly, Plaintiff's claims are barred in whole or in part.

## ELEVENTH AFFIRMATIVE DEFENSE
### (First Amendment)

11. Some if not all of Plaintiff's claims are barred by the First Amendment to the United States Constitution and/or similar provisions in applicable state constitutions.

## TWELTH AFFIRMATIVE DEFENSE
### (Indispensable Parties)

12. Plaintiff's claims are barred because Plaintiff failed to join indispensable parties, namely FR Hueb International, Ltd. On information and belief and on the records of the U.S. Patent and Trademark Office, FR Hueb International Ltd. is the owner of the HUEB registrations.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Prior Pending Action)

13. Plaintiff's claims are barred herein based upon the doctrine of prior pending action. Defendant Thiago's grandmother, Fadua Miguel Hueb, filed a petition to cancel the HUEB Marks (owned by FR Hueb International, Ltd.) with the U.S. Trademark Trial and Appeal Board ("TTAB"). Plaintiff's action in this case is based on its assertion of ownership rights in the HUEB Marks. Ms. Hueb's petition to cancel was filed on February 5, 2021 - months before this action. The petition to cancel involves the same subject matter and related parties as in this case. As a result, Plaintiff's complaint in this instant action should be dismissed and a resolution of the proper ownership of the HUEB Marks should occur through the TTAB.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants hereby demand a jury trial on all issues so triable, including on the claims and defenses arising from the claims asserted by Plaintiff against Defendants.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully request that the Court enter judgment:

a. Dismissing with prejudice Plaintiff's Claims against Defendants;

b. Denying Plaintiff's request for injunctive and other relief;

c. Awarding Defendants attorney's fees and costs to the extent permitted; and

d. Awarding any other and further relief that the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a jury trial on all issues triable of right by jury.

Dated:  November 15, 2021

Respectfully submitted,

By: *jeannettemcarmadella*

Jeannette Maurer Carmadella (DC Bar #500586)
*(pro hac vice application pending)*
Arnold P. Lutzker (DC Bar #101816)
*(pro hac vice application pending)*
LUTZKER & LUTZKER LLP
1233 20th St. NW, Suite 703
Washington, DC 20036
Phone: (202) 408-7600
Email: jeannette@lutzker.com,
arnie@lutzker.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on the 15th day of November 2021, a true and correct copy of the foregoing "Answer of Defendants to Complaint and Demand for Jury Trial" was served through ECF and by electronic mail upon the following:


Patrick Papalia, Esq.
Archer & Greiner P.C
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ 07601
201-498-8504
ppapalia@archerlaw.com

Christian A. Stueben, Esq.
Archer & Greiner P.C.
Court Plaza South, West Wing
21 Main Street, Suite 353
Hackensack, NJ 07601-7095
201-498-8512 (Ext. 7512)
cstueben@archerlaw.com

*jeannettemcarmadella*
Jeannette Maurer Carmadella