# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRHUEB INC.<br><br>               Plaintiff,<br><br>v.<br><br>THIAGO SABINO DE FREITAS ABDALA, PRISCILA PATTO, FADUA MIGUEL HUEB, ROGERIO HUEB ABDALA, and FR HUEB LTDA (BRAZIL)<br><br>               Defendants and Third-Party Plaintiffs,<br><br>v.<br><br>FR HUEB INTERNATIONAL, LTD., RIHEN MEHTA, SOIGNE KOTHARI, and PRITI MEHTA,<br><br>Third-Party Defendants | Civil Action No.: 1:21-cv-07395 (SDNY) |

---

## MEMORANDUM OF LAW IN OPPOSITION OF DEFENDANTS' MOTION TO STAY PENDING OUTCOME OF FOREIGN PROCEEDINGS

---

**ARCHER & GREINER, P.C.**
1211 Avenue of the Americas
Suite 2750
New York, New York 10036
Telephone: (212) 682-4940
Fax: (212) 682-4942
*Attorneys for Plaintiff FRHUEB Inc.*
PATRICK PAPALIA, ESQ.
CHRISTIAN A. STUEBEN, ESQ.

Plaintiff FRHUEB Inc. ("Plaintiff" or "FRHUEB Inc.") submits this memorandum of law to Defendants' Motion to Stay Pending Outcome of Foreign Proceedings. Since Defendants used the incorrect caption in their motion papers, presumably only Defendants Thiago Sabino De Freitas Abdala ("Thiago Abdala") and Priscila Patto ("Priscila Patto") and filed this motion.

## **PRELIMINARY STATEMENT**

Plaintiff opposes Defendants' Motion to Stay. The prong of Defendants' motion pertaining to a stay of the upcoming preliminary injunction hearing has already been rendered moot, so Plaintiff opposes the remainder of the Motion. Most pertinently, Plaintiff opposes the Motion to stay Plaintiff's Motion to Dismiss. This is because Defendants have no basis for such relief and also have provided false information to the Court on this application, only presenting a Declaration of Thiago Abdala which is entirely based on hearsay and has no evidentiary value whatsoever, both falsely contending that: (1) the entire action filed by Third-Party Defendant Rihen Mehta in Dubai, Case No. 133/2022/20 (the "Dubai action") "should be resolved entirely in a matter of two to three months" as of August 18, 2022, meaning October 18, 2022 – November 18, 2022, and (2) (only mentioned in a brief and not a hearsay declaration) the Dubai action will adjudicate Plaintiff's ability to utilize and enforce its registered Hueb trademarks in the United States.

In fact, Plaintiff's Dubai counsel has informed Plaintiff that the Dubai action will take in excess of a year to resolve, and that the Dubai action will not have any bearing on Plaintiff's ability to utilize and enforce its registered Hueb trademarks in the United States. More importantly, it is evident simply by viewing the Complaint in the Dubai action that it has no bearing on Plaintiff's registered Hueb trademarks, and instead, it entirely encompasses the substance of the false and frivolous counterclaims brought by Thiago Abdala and Priscila Patto in this action, all of which are subject to mandatory and exclusive forum selection clauses in Dubai. Moreover, by voluntarily submitting to the jurisdiction of Dubai and participating in the Dubai Action to adjudicate their

1

counterclaims, Defendants cannot also have the same identical Amended Counterclaims adjudicated in this Court. Considerations of international comity counsel this Court to dismiss Defendants' Amended Counterclaims so that they will be fully adjudicated in Dubai. This is why Plaintiff's Motion to Dismiss **should not** be stayed and the Court should adjudicate it.

## STATEMENT OF FACTS

### A.     Relevant Factual Background and Procedural History

Plaintiff filed a straightforward action which primarily pertains to Defendants' Thiago Abdala and Priscila Patto's willful infringement of the HUEB trademarks held by Plaintiff. Defendants Thiago Abdala and Priscila Patto have asserted counterclaims, both in their original and amended counterclaims, that have no place in this action. These improper actions have spawned a litany of amended pleadings and motion practice. Among other things, there are three separate agreements all containing mandatory and exclusive forum selection clauses in Dubai which encompass the entirety of the Amended Counterclaims. Plaintiff previously filed Motions to Dismiss which discussed some of these issues.

Judge Abrams previously directed the parties to meet and confer on a briefing schedule on the Motions to Dismiss, which included any motion to dismiss that Thiago Abdala and Priscila Patto may wish to file [Dkt. 135]. The parties met and conferred, filed a joint letter which included a briefing schedule on the Motions to Dismiss, and Judge Abrams approved the schedule. [Dkt. 137]. Most recently, upon joint agreement of the parties, the parties agreed to extend the consent injunction until 30 days after the Court issues a decision on the Motion to Stay, and to postpone the preliminary injunction hearing which previously was scheduled for October 5, 2022. [Dkt. 152]. Judge Abrams granted this request and postponed the preliminary injunction hearing without a date, by order dated September 9, 2022. [Dkt. 153]. Defendants' Motion to Stay necessarily

includes a request to indefinitely stay briefing of Plaintiff's Motion to Dismiss the Amended Counterclaims, which Plaintiff opposes.

On approximately March 10, 2022, Third-Party Defendant Rihen Mehta filed a lawsuit against Defendant Thiago Abdala in Dubai ("Dubai Action"). *See* Declaration of Patrick Papalia ("Papalia Decl."), **Exhibit A** (Original Arabic and translated English version of filed Dubai lawsuit against Thiago). The substance of the Dubai Action encompasses the entirety of the Amended Counterclaims. The Dubai lawsuit is premised on the fact that Thiago breached the relevant agreements and refused to contribute his 50% share of the business losses, which were quite substantial. As a result, not only does Rihen Mehta seek repayment of the substantial business losses/loans from Thiago, Rihen also seeks a declaration and then injunctive relief which compels Thiago to transfer his remaining 12% interest in FR Hueb International to Rihen Mehta or his designee.

The core of the amended counterclaims, which do not belong in the SDNY, is that, pursuant to the contractual joint venture between Thiago and Rihen, Rihen fabricated business losses and then used these alleged fabricated losses to trick Thiago into signing away his interest in FR Hueb International. These allegations are false, but must be, and now are, currently being litigated in Dubai. Critically, Thiago has accepted the jurisdiction of the Dubai court and is actively litigating and participating in the matter. Most recently, the Dubai court appointed a panel of three accounting experts who will review the books and records of FR Hueb International and adjudicate Rihen's claims as described. Defendants are misrepresenting the scope of this order by claiming (in briefing) that the expert review and/or Dubai action will include a determination over the parties' entitlement to the Hueb U.S. trademark registrations. In fact, the actual Order which

appointed these experts makes no such representation as to the Hueb trademarks. *See* Papalia Decl., **Exhibit B** (translated version of Order appointing three accounting experts).

Defendants also misrepresent the timing of the conclusion of the Dubai Action, with Thiago issuing a hearsay statement under oath indicating that the action will be "resolved entirely" by October 18, 2022 – November 18, 2022. *See* Moving Declaration of Thiago, ¶ 4.

The issue of whether the 2021 assignment of the Hueb trademarks from FR Hueb International to FRHUEB Inc. was valid is largely a red herring raised by Defendants. It only supports the now-moot issue of postponing the preliminary injunction hearing until the Dubai Action is resolved. It has nothing to do with the Motion to Dismiss. This is because Thiago's challenge to the 2021 assignment is an affirmative defense to Plaintiff's trademark infringement action **and is not the basis of his Amended Counterclaims**. The core of the Amended Counterclaims concerns the alleged fabricated losses for the Dubai joint venture governed by numerous agreements containing mandatory Dubai forum selection clauses. They do not belong in this Court under any circumstances and in fact are being actively litigated in Dubai by Thiago Abdala. Additionally, Thiago was only a 12% owner of FR Hueb International at the time of the 2021 assignment and therefore his consent was never required for the assignment even if the Dubai court found that Thiago is still a 12% owner. And of course, if the Dubai court finds that Thiago has no ownership interest in FR Hueb International and compels him to transfer his remaining shares to Rihen Mehta, this represents the end of his Amended Counterclaims.

## LEGAL ARGUMENT

"Comity is the 'recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection

4

of its laws.'" *Lindner Fund, Inc. v. Polly Peck Int'l PLC*, 143 B.R. 807, 809 (S.D.N.Y. 1992) (quoting *Hilton v. Guyot*, 159 U.S. 113, 164 (1895)). Federal law recognizes decisions of foreign courts on the basis of international comity. *Hilton*, 159 U.S. at 164.

"Comity will be granted to the decision or judgment of a foreign court if it is shown that the foreign court is a court of competent jurisdiction, and that the laws and public policy of the forum state and the rights of its residents will not be violated." *Cunard S.S. Co. Ltd. v. Salen Reefer Servs. AB*, 773 F.2d 452, 457 (2d Cir. 1985); *see also Canadian Royal & Sun All. Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88 (2d Cir. 2006) (discussing the elements of international comity).

Here, there can be no dispute that the Dubai Action and the Amended Counterclaims fulfill all the elements of international comity, which mandate dismissal of the Amended Counterclaims. In particular, it is undisputed that the Dubai Court is a court of competent jurisdiction, as Thiago Abdala himself has submitted to its jurisdiction, and there cannot be any concerns that the laws and public policy of this State will be violated once the Dubai Court adjudicates the Amended Counterclaims.

However, there is a major dispute as to whether Plaintiff's trademark ownership of the HUEB marks, registered in the United States, will be adjudicated in the Dubai action. In fact, this issue will not be adjudicated in Dubai. The dispute here is over the false representations made by Defendants, supported by no competent evidence, and in fact contradicted by the documentary evidence presented by Plaintiff (the Dubai Complaint and recent Order appointing a panel of three accounting experts), that the Dubai action may "render Plaintiff FR Hueb Inc.'s purported ownership of the HUEB Marks invalid. . . a stay should issue here because the resolution of the

UAE Action will at least prove instructive to, or more likely, dispositive of, the U.S. Action." *See* Moving Brief, p. 10.

In fact, the Dubai action will have no bearing on Plaintiff's ownership of its registered HUEB trademarks at all.  But it will conclusively adjudicate the Amended Counterclaims asserted by Thiago Abdala and Priscila Patto.  Because Thiago Abdala has participated in the ongoing Dubai action which is adjudicating his counterclaims, contractually mandated to be brought in Dubai, principles of international comity counsel that this Court refrain from exercising any jurisdiction over the Amended Counterclaims. *See, e.g. Canadian Royal & Sun*, 466 F.3d 88.  The Court therefore should permit Plaintiff to file a Motion to Dismiss the Amended Counterclaims, as it had originally ordered.

Plaintiff's trademarks are registered in the United States, not Dubai, are not subject to any mandatory forum selection clauses of Dubai, and a hearsay declaration based on no competent evidence, unsworn statement in a brief, or a false statement made under oath (which may occur on reply) as to the scope of the Dubai action cannot serve to deny Plaintiff its rights to enforce its registered HUEB trademarks here in the United States.  The Amended Counterclaims should be dismissed from this action, fully adjudicated in Dubai, and, afterwards, Plaintiff's enforcement of its registered United States trademarks should occur in this forum, either via an indefinite extension of the Consent Injunction or via the rescheduling of the preliminary injunction hearing.

## **CONCLUSION**

For the foregoing reasons, Plaintiff opposes Defendants' Motion to Stay and requests the opportunity to file its Motion to Dismiss the Amended Counterclaims.

Date: September 12, 2022  By: */s/ Patrick Papalia*
New York, New York  PATRICK PAPALIA
  CHRISTIAN A. STUEBEN
  ARCHER & GREINER, P.C.
  1211 Avenue of the Americas, Suite 2750
  New York, New York 10036
  *Attorneys for Plaintiff*