USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/30/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
FRHUEB, INC.

                            Plaintiff,

               -against-

THIAGO SABINO DE FREITAS ABDALA, PRISCILA
PATTO, FADUA MIGUEL HUEB, ROGERIO HUEB
ABDALA, and FR HUEB LTDA (BRAZIL),
                            Defendants and
                            Third Party Plaintiffs,

               -against-

FR HUEB INTERNATIONAL, LTD., RIHEN
MEHTA, SOIGNE KOTHARI, and PRITI
MEHTA,
                            Third-Party Defendants.
-----------------------------------------------------------------X

**21-CV-7395 (RA) (KHP)**

<u>**OPINION AND ORDER ON
MOTION TO STAY**</u>

**KATHARINE H. PARKER, United States Magistrate Judge:**

Defendants Thiago Abdala ("Abdala) and Priscila Patto's ("Patto") (together "Defendants") have moved to stay this action until the conclusion of the parties' substantially related proceeding in the courts of Dubai, United Arab Emirates ("UAE") (hereinafter the "Foreign Proceeding").  For the reasons below, Defendants' motion to stay is GRANTED.

## BACKGROUND

On September 2, 2021, Plaintiff, FRHUEB Inc., filed a complaint against Abdala and Patto, alleging trademark infringement, unfair competition, breaches of fiduciary duties, trademark dilution, misappropriation, and related violations of the Lanham Act and New York statutory and common law premised on Defendants' use of the "HUEB" trademarks. (ECF No. 1.)  Defendants filed an Amended Answer and Counterclaims on July 22, 2022, adding FR Hueb

International Limited ("FR Hueb International"), Rihen Mehta ("Mehta"), Soigne Kothari, and Priti Mehta as Third-Party Defendants. (ECF No. 138.) In their Counterclaims, Defendants assert claims of fraudulent misrepresentation, fraudulent inducement, breach of contract, unjust enrichment, breach of fiduciary duties, aiding and abetting breach of fiduciary duties, and related violations of the Lanham Act and New York statutory and common law. (*Id.*) Defendants also contend that Plaintiff's acquisition of the trademark was fraudulent and thus invalid, making Plaintiff's claim of trademark infringement meritless.

Defendant Abdala's grandmother and father started FR Hueb LTDA, a jewelry company, in Brazil. (Counterclaim ¶ 11.) Abdala joined the family business in 2007 with the goal of expanding it globally. (*Id.* at ¶ 13.) Thereafter, in 2008, Abdala met Mehta at a trade show. (*Id.* at ¶ 14.) In 2011, the two decided to go into business together, and Abdala moved from Brazil to Dubai, UAE to expand the company internationally. FR Hueb LTDA, the Brazilian entity, assigned and transferred all of its worldwide rights (except as to Brazil) to FR Hueb International (a UAE corporation), a newly formed entity. (Am. Compl. ¶¶ 8-9.) In forming FR Hueb International, Mehta and Abdala agreed to be equal partners. (Counterclaim ¶ 19.) Patto, a jewelry designer, and Abdala worked for a time in Dubai and then worked for the business in New York.

In 2016, FR Hueb LTDA and FR Hueb International amended their agreement to permanently assign all of the former's rights, including the Hueb brand, marks, and goodwill, to FR Hueb International, including in Brazil. (*Id.* at ¶ 44.) That same year, Abdala signed an agreement where he transferred 38% of his ownership stake in FR Hueb International to Mehta, which Abdala contends was fraudulently induced. (Counterclaim ¶ 33.) On January 31, 2021,

as now the majority owner of FR Hueb International, Mehta assigned all rights relating to the brand to FRHUEB Inc. (*Id.* at ¶ 48.)

According to Mehta, Abdala failed at his job and did not make investments required, leading to the termination of his employment and claims that Abdala owes certain monies to the business. Abdala and Patto, using the family name Hueb, then attempted to compete in the industry. Mehta discovered this at a trade show, prompting FRHUEB Inc. to bring the instant action. Abdala contends the corporate deals were improper and have to be unwound so that he can use his family name and reclaim an interest in the business his family started, relief sought through the counterclaims in this action.

In March 2022, Mehta, in his personal capacity and as representative of FR Hueb International, filed Case No. 133/2022/20 against Abdala in the Dubai Courts of First Instance, instituting the Foreign Proceeding. (Papalia Decl. Ex. A; ECF No. 155-1.) The agreements governing the relationship between him and the Defendants, contain a "mandatory and exclusive forum selection clause in Dubai" to resolve all disputes between them. (Pl. Opp., p. 2; *see also* ECF No. 106.) The Dubai action centers around the ownership and shares of FR Hueb International between him and Abdala, repayment of business losses, and compelling Abdala to transfer his remaining 12% stake in FR Hueb International to Mehta (that is, claims similar to those raised in the counterclaims in this action). (*Id.*) Currently, in the Foreign Proceeding, a tripartite panel has been selected to adjudicate the action and has reserved the matter for judgment.

In sum, the dispute in both this action and the Dubai action concerns whether Abdala transferred/forfeited his interest in the family business to Mehta-controlled FR Hueb entities,

and whether Abdala retains any interest in the FR Hueb marks and can utilize those marks in Brazil, the United States, or elsewhere.

## DISCUSSION

I.   **LEGAL STANDARD**

Courts have the "inherent power to dismiss or stay an action in deference to a parallel foreign action," relying on principles of international comity.  *Eskofot A/S v. E.I. Du Pont De Nemours & Co.*, 872 F. Supp. 81, 89 (S.D.N.Y. 1995) (citing *Caspian Investments Ltd. v. Vicom Holdings, Ltd.*, 770 F. Supp. 880, 884 (S.D.N.Y. 1991)).  Proceedings are considered parallel "when substantially the same parties are contemporaneously litigating substantially the same issue in another forum."  *Novasparks SA v. Enyxfpga*, 344 F. Supp. 3d 666, 677-78 (S.D.N.Y. 2018) (quoting *Niagara Mohawk Power Corp. v. Hudson River-Black River Regulating Dist.*, 673 F.3d 84, 100 (2d Cir. 2012)) (internal quotations omitted).  Importantly, parties and issues need not be identical to constitute parallel proceedings; only "substantially the same."  *Royal & Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 94 (2d Cir. 2006) (citation omitted).

A foreign action and a domestic action may be considered parallel even if the parties are not exactly the same, particularly if one party is a subsidiary of another or has a "substantial ownership interest in the other."  See *MasterCard Int'l, Inc. v. Argencard Sociedad Anonima*, 2002 WL 432379, at *9 (S.D.N.Y. Mar. 20, 2002) ("There need not be strict identity between the parties and issues in two actions in order to defer to a prior pending foreign action."); *Tarazi v. Truehope Inc.*, 958 F. Supp. 2d 428, 434 (S.D.N.Y. 2013).  Similarly, if issues in both actions are

substantially similar, that may weigh in favor of granting a motion to stay the domestic proceeding. *See Tarazi*, 958 F. Supp. 2d at 434-39.

If it is determined that the proceedings are indeed parallel, a court then considers whether "exceptional circumstances" exist that justify deference to the foreign jurisdiction based on a totality of the circumstances, in light of principles of international comity. *Royal & Sun Alliance*, 466 F.3d at 92-93. Under the principles of international comity, courts in the United States defer to foreign proceedings and allow them to have extraterritorial effect domestically. *Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru*, 109 F.3d 850, 854 (2d Cir. 1997). Based on the specific facts of each case, courts consider the following factors when assessing whether to grant a stay: 1) order in which the actions were filed, 2) adequacy of the alternate forum, 3) potential prejudice to either party, 4) convenience of the parties, 5) connection between the litigation and the United States, and 6) connection between the litigation and the foreign jurisdiction. *Royal & Sun Alliance*, 466 F.3d at 94.

II.  ANALYSIS

This action and the Foreign Proceeding are parallel because the parties and issues being litigated are substantially similar. There is no dispute that the Plaintiffs in both actions are related insofar as FRHUEB Inc., the Plaintiff in this case, is the successor entity of FR Hueb International, the Plaintiff in the Dubai action and counterclaim Defendant in this action, and both FR Hueb entities are represented by Mehta. *See Argus Media Ltd. v. Tradition Fin. Servs. Inc.*, 2009 WL 5125113, at *6 (S.D.N.Y. Dec. 29, 2009) (finding sufficiently similar parties where "both actions involve Defendants' (and/or their affiliates') rights"). As for the defendants, Abdala is named as a defendant in both actions. Although Patto, Abdala's wife, is not named as

a defendant in the Foreign Proceeding, her interests are aligned with Abdala's as they are alleged to have acted together in infringing Plaintiff's trademarks and seek to utilize the Hueb brand name given that they use the last name Hueb.  Accordingly, the parties are substantially similar for the purposes of this instant motion. *See MasterCard Int'l, Inc.*, 2002 WL 432379 at *9 (noting deference to a foreign action does not require "strict identity between the parties and issues").

As to the issues being litigated, the threshold issue to be decided in each action is who has legal ownership of FR Hueb International.  Defendants assert that any transfer of the marks to FRHUEB Inc. was fraudulent because Abdala, a 50/50 owner of FR Hueb International, was provided misleading information and did not consent to the transfer, thereby making the transfer null and void.  If Defendants' claim is found to be true, this would raise serious questions as to whether FRHUEB Inc. owns the disputed trademarks and whether Defendants' conduct constitutes infringement. *See Ole Media Mgmt., L.P. v. EMI Apr. Music, Inc.*, 2013 WL 2531277, at *2 (S.D.N.Y. June 10, 2013) (staying case where there were related affiliated entities and transfer of intellectual property rights between entities); *Tarazi*, 958 F. Supp. 2d at 437 (favoring stay because "agreement is the font from which all the disputes flow").  That is, the outcome of the Dubai action may moot or significantly streamline issues in this case.  The above facts favor grant of a stay.

In addition, the factors in assessing deference to the Foreign Proceeding under the principles of international comity weigh in favor of granting the stay.  Although this action predates the Foreign Proceeding and courts traditionally accord significant weight to the first-filed suit, that fact alone is not dispositive because "consideration of this factor does not turn

6

exclusively on the sequence in which the cases were filed, but rather involves a comparison of how much progress has been made in the two actions." *Novasparks SA*, 344 F. Supp. 3d at 677-79 (quoting *Kitaru Innovations Inc. v. Chandaria*, 698 F. Supp. 2d 386, 391 (S.D.N.Y. 2010)) (internal quotation marks and alterations omitted). Although the parties dispute when the Foreign Proceeding will be resolved, nonetheless, they do agree that it has progressed further than this action, as they are currently awaiting final judgment by the tripartite panel. The present action is still in its infancy and has focused primarily on the injunctive relief sought by Plaintiff. (*See e.g.,* ECF Nos. 12, 61-62, 66, 71, 78, 108, 121-22, 125, 130, 132, 135, 151.) And, the parties have agreed to interim injunctive relief pending resolution of the corporate ownership issues. (*See* ECF No. 135.) The parties also do not dispute the adequacy of the UAE forum; indeed, the forum selection clause in the various contracts specify Dubai, Mehta instituted the Foreign Proceeding after this lawsuit was filed indicating his confidence in the Dubai court, and Defendants seek a stay precisely because they agree there are overlapping issues in the Dubai matter that need to be resolved. The parties do not object to the UAE forum as inconvenient. And, as noted above, resolving the ownership of FR Hueb International and the validity of any alleged transfer of trademarks would narrow the scope of this action or potentially moot it. Lastly, the possibility of inconsistent and/or varying outcomes regarding ownership of the corporate entity and validity of the transfer of the marks would prejudice the parties, as would requiring them to bear the burden and expense of litigating both overlapping actions simultaneously. *See Ole Media Mgmt.,* 2013 WL 2531277, at *5 ("There is no doubt that [defendants are] significantly inconvenienced by allowing both actions to proceed, given the partial duplication among them[.]").

The Court notes Plaintiff's concern that identical claims pending in both venues are not ideal and that Defendants' counterclaims should be dismissed in favor of being adjudicated in the Foreign Proceeding. However, granting this stay will not have a practical effect on the parties, would further judicial economy, and would possibly alleviate the need to spend time briefing the contemplated motion to dismiss. Moreover, if Plaintiff is successful in the Foreign Proceeding, it may use that judgment to bolster its arguments in the contemplated motion. Plaintiff admits as much in its briefing, noting that "if the Dubai court finds that [Abdala] has no ownership interest in FR Hueb International and compels him to transfer his remaining shares to Rihen Mehta, this represents the end of his Amended Counterclaims." (Pl. Opp., p. 3.) Such a determination would also inform the parties on the validity of the transfer of the trademarks to FRHUEB Inc.

In sum, because the two actions are substantially similar and the resolution of the Foreign Proceeding will clarify the ownership interests of the parties and potentially dispose of this action, a stay would further judicial economy and avoid duplicative litigation.

## CONCLUSION

For the reasons stated above, Defendants' motion to stay is GRANTED. To be clear, this stay does not limit the parties' rights in seeking the Court's intervention regarding the interim injunction currently in place at ECF No. 135. The parties shall submit a joint letter updating the Court of the status of the Foreign Proceeding within 90 days of this Opinion and Order.

**SO ORDERED.**

DATED:  New York, New York
September 30, 2022

_____
KATHARINE H. PARKER
United States Magistrate Judge