

November 2, 2023

**Via ECF**

Honorable Katharine H. Parker
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> **MEMO ENDORSED**
>
> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED: **11/03/2023**
>
> **A Pre-motion Conference in this matter is hereby scheduled for Tuesday, November 7, 2023 at 3:00 p.m. in Courtroom 17D, 500 Pearl Street, New York, NY 10007**
>
> SO ORDERED:
>
> *Katharine H. Parker*
>
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE
> 11/03/2023

Re: **FRHUEB, Inc., v. De Freitas Abdala, et al.
Civil Action No. 1:21-cv-07395 (SDNY)**

Dear Judge Parker:

 This firm represents Defendants in the above-captioned matter. We are writing to request a pre-motion discovery conference with Your Honor to address a discovery dispute between the parties pursuant to Local Rule 37.2 and Your Honor's Individual Rules II.c. Specifically, the dispute involves Plaintiff's objections and incomplete responses to several of Defendants' document requests that were served on July 17, 2023, a copy of which is attached hereto.

 We have conferred in good faith with Plaintiff's counsel in an effort to resolve the dispute. We have exchanged numerous emails with opposing counsel in an attempt to narrow and clarify Defendants' requests and Plaintiff's responses. We had a meet and confer conference with opposing counsel by telephone on October 20, 2023. Unfortunately, this conference did not resolve the dispute and therefore we submit this letter-motion to the Court.

 The nature of the dispute involves 1) Plaintiff's production of incomplete financial records in response to Defendants' Requests No. 1, 2, 4 and 5; and 2) Plaintiff's objection and failure to produce documents responsive to Requests No. 15-20 (documents sufficient to evidence all jewelry consignments to certain department stores during a specified period of time).

 With respect to Request No. 1 ("Documents sufficient to evidence all bank account statements of Plaintiff FRHUEB Inc. from inception to present"), Plaintiff has refused to produce any bank statement on the basis that this request is too intrusive and irrelevant. Defendants believe they are entitled to this information (subject to the protective order) to disprove Plaintiff's claim of damages against Defendants and support their claim that Plaintiff does not own the HUEB Trademarks. The terms of the parties' protective order provide adequate protection against the disclosure of any privileged information. After substantial back and forth correspondence between counsel, Plaintiff eventually produced a chart entitled "summary of earnings" and a "summary of income statement" for

2

2021, 2022 and part of 2023. But the authenticity of these charts is unclear. There is no indication of how the charts were generated, or by whom, or if they were kept in the ordinary course of business.

Bank statements, including full (front and back) copies of checks, are also highly relevant to Defendants Request No. 4 ("All Documents sufficient to evidence payment for the assignment of the HUEB Trademarks from FR Hueb International to FRHUEB Inc."). More particularly, Plaintiff's claim to ownership of the HUEB Trademarks as alleged in the Complaint relies on a January 31, 2021, Sale and Assignment of Trademark Agreement (Doc. 12-16) that recited consideration for the sale and transfer of the Trademarks was $50,000. Defendant's Request No. 4 merely seeks proof that the consideration was in fact paid. In response to Request No. 4, Plaintiff produced a copy of only the front of a signed check No. 1149, dated 01/31/2021. However, there is no proof of deposit or other evidence indicating payment was ever transferred from Plaintiff to FR Hueb International, for the assignment of the HUEB Trademarks. There is no proof that the check was ever deposited or that the funds were ever transferred. Further, Plaintiff indicated in its response to Defendants Request No. 5 ("Documents sufficient to evidence all transfers and payments from Plaintiff to FR Hueb International from the inception of FRHUEB Inc. to present") that there are no other payments or transfers.

With respect to Request No. 2 ("All U.S. tax returns (including federal, state, and city) submitted by FRHUEB Inc. from inception (2019) to present"), Plaintiff has objected to and failed to produce these documents. After much back and forth between the parties' counsel, Plaintiff finally produced the first pages of its 2021 and 2022 tax return only. However, Plaintiff made it clear they were only producing partial records to "corroborate" the sales and profits numbers in the financial statements they provided. Plaintiff did not provide any tax returns for 2019 or 2020. Defendants contend that they are entitled to Plaintiff's complete tax returns from 2019-present, including supporting schedules and documentation, to verify Plaintiff's financial assertions in the Complaint. Notably missing from the 2021 and 2022 returns are the "Other Deduction Statements" which represent a significant portion of Plaintiff's business expenses and are relevant to the profitability of the company and Plaintiff's claim for damages.

Finally, with respect to Requests No. 15-20 (Documents sufficient to evidence all jewelry consignments to [specific department stores], including all jewelry sales and current retentions from the inception of FRHUEB Inc. to present), Plaintiff has objected and refused to produce any documents responsive to these requests on the basis that they are irrelevant. During the meet and confer, Plaintiff's counsel made it clear they would not produce these documents, suggesting our client wanted them for nefarious reasons, even though there is a protective order in place to prevent the disclosure of any such confidential information. Defendants are entitled to these documents to show damages that do not arise from Plaintiff's sales alone. The value of the jewelry on consignment is highly relevant to the claims in this case and necessary to complete the full financial picture of Plaintiff's alleged assets and value of the HUEB brand.

We respectfully request a pre-motion discovery conference with Your Honor to resolve these issues.


Respectfully Submitted,

**Lutzker & Lutzker LLP**
*Attorneys for Defendants*

By: *Jeannette Carmadella*
Jeannette Carmadella


Dated: November 2, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FRHUEB INC., <br><br> *Plaintiff*, <br><br> v. <br><br> THIAGO SABINO DE FREITAS ABDALA and PRISCILA PATTO, <br><br> *Defendants*. | Case No: 1:21-cv-7395 (RA-KHP) |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS'
THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

Plaintiff, FRHEUB Inc. ("Plaintiff"), by and through its undersigned counsel, hereby provides the following Responses and Objections to Defendants', Thiago Sabino De Freitas Abdala and Priscila Patto ("Defendants"), Third Set of Requests for Production of Documents pursuant to the Rules of the Southern District of New York and the Order of Magistrate Judge Katherine Parker, as follows:

**GENERAL OBJECTIONS**

Plaintiff incorporates the following General Objections by reference into each specific response below as if set forth in full in the specific response. These limitations and objections form a part of each response and are set forth herein to avoid the duplication and repetition of restating them for each response. These General Objections may be specifically referred to in a response to a certain request to produce for the purpose of clarity. However, the failure to specifically incorporate a General Objection should not be construed as a waiver of any General objection.

{02867413.1}

1. Plaintiff objects to Defendants' requests as set forth below, but are undertaking a search for many categories of documents not objected to. Plaintiff will gather and produce those documents with reasonable diligence.

2. Plaintiff objects to these requests and Defendants' definitions and instructions as overbroad and unduly burdensome insofar as they seek to impose obligations beyond those established by the Federal Rules of Civil Procedure ("FRCP"), including in particular Rules 34 and 26(b)(1) effective December 1, 2015, and the Local Rules of this District Court.

3. Nothing in these written responses or in Plaintiff's production of documents in response to these requests constitutes, or is intended to constitute, an admission or representation by Plaintiff of any fact or contention in this litigation. Plaintiff's responses herein are based only upon facts known at this time. Discovery in this matter is ongoing, and during the course of subsequent discovery, Plaintiff may become aware of supplemental, additional, or other responsive documents. Plaintiff reserve the right to update, amend, or supplement these responses and their document production. In addition, these objections are made without prejudice to Plaintiff' right to present further additional or other evidence or contentions in a motion for summary judgment, at trial, or otherwise, based upon information hereafter identified, obtained, or developed.

4. "**Vagueness Objection**." Plaintiff objects to Defendants' discovery requests to the extent that they are confusing, vague and/or ambiguous.

5. "**Overly Broad Objection**." Plaintiff objects to Defendants' discovery requests to the extent that they are overly broad, unduly burdensome, oppressive and/or harassing, and that they seek to impose a duty to provide discovery beyond that required by the Federal Rules of

Civil Procedure. In particular, Plaintiff objects to each request that is not "proportional to the needs of the case," under the current FRCP.

6. "**Irrelevance Objection**." Plaintiff objects to Defendants' discovery requests to the extent that they call upon Plaintiff to investigate, collect and disclose documents and/or information that are neither relevant to the subject matter of this action nor proportional to the needs of the case. The burden and extent of responding to such discovery requests far outweigh the utility of the discovery sought, and the discovery sought is obtainable from other sources that are more convenient, less burdensome, and less expensive. To the extent that responses are provided, it is in an effort to expedite discovery in this action and is not an indication or admission by Plaintiff of the relevancy thereof. In particular, Plaintiff objects to each request that is not "proportional to the needs of the case," under the current FRCP.

7. "**Privilege Objection**." Plaintiff objects to Defendants' discovery requests to the extent that they call upon Plaintiff to disclose information immune from discovery because of the attorney/client privilege or because of the attorney work product doctrine, or because they otherwise call upon Plaintiff to disclose the mental impressions, conclusions, opinions or legal theories of an attorney or other representatives of Plaintiff concerning this litigation. Plaintiff will provide a privilege log of all privileged documents deemed responsive to a document request.

8. "**Confidentiality Objection**." Plaintiff objects to Defendants' discovery requests to the extent they call for confidential information. No confidential information will be produced except under the protective order entered by the Court for this case.

9. "**All Documents Objection**." Plaintiff objects to Defendants' discovery requests to the extent that they call for the identity or production of "all" information, "all" documents or

{02867413.1}                                           3

"each" document that exists in the possession, custody or control of Plaintiff, including any agents, employees, attorneys, or other representatives. To the extent not objected to, Plaintiff will produce representative information and representative documents that are not duplicative of other produced documents. Plaintiff will not search for files of persons that are not reasonably likely to have had significant contact with the subject matter of a request. To the extent that Floriey requests that Plaintiff engage in a more extensive search for documents than indicated, Defendants' discovery requests are overly broad, unduly burdensome, oppressive and harassing. The burden of such a search would be grossly out of proportion to the prospect of discovering admissible evidence or materials that would lead to the discovery of admissible evidence.

10. "**Custody and Control Objection**." Plaintiff objects to Defendants' discovery requests to the extent that they call for documents that are under third party custody and control and over which Plaintiff cannot exercise custody and control.

## RESERVATION OF RIGHTS

Plaintiff's objections and responses are based on information now known to Plaintiff. Plaintiff reserves the right to amend, modify or supplement their objections and responses if they learn of new information. The fact that, in response to some of the Requests, Plaintiff states that it will produce documents does not mean that Plaintiff has determined that such documents exist. The fact that Plaintiff may produce a document is not a concession that the document or its contents are true, accurate, or authentic or that the document is relevant or admissible in this case.

Plaintiff reserves its rights to introduce at trial documents, information, or other evidence that may be responsive to these Requests, though not provided in response to these Requests, based upon further review of the information generated in the course of this litigation. No

{02867413.1}                                4

incidental or implied omissions are intended by the responses herein. The fact that Plaintiff has objected to or otherwise responded to any Request is not intended as an admission that Plaintiff accept or admit the existence of any facts set forth or assumed by such Request, that the information being sought by such Request is relevant or material, or that such objection or response constitutes admissible evidence.

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO
DEFENDANTS' REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS**

**REQUEST NO. 1.:** Documents sufficient to evidence all bank account statements of Plaintiff FRHUEB Inc. from inception to present.

**RESPONSE TO REQUEST NO. 1:** Plaintiff invokes the "irrelevance," "overly broad," and "confidentiality" objections. Defendants have not asserted any claim for infringement of any of their property rights or for damages on such claims. Therefore, Plaintiff objects to the request and will not produce the requested, highly confidential information the discovery of which is not relevant, even remotely, to any claim or issue in this matter.

**REQUEST NO. 2.:** All U.S. tax returns (including federal, state, and city) submitted by FRHUEB Inc. from inception (2019) to present.

**RESPONSE TO REQUEST NO. 2:** Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Defendants have not asserted any claim for infringement of any of their property rights or for damages on such claims. Therefore, Plaintiff objects to the request and will not produce the requested, highly confidential information the discovery of which is not relevant, even remotely, to any claim or issue in this matter.

**REQUEST NO. 3.:**   All Documents and Communications sufficient to evidence the extent to which Plaintiff will suffer irreparable harm if its Motion for Preliminary Injunction is not granted.

**RESPONSE TO REQUEST NO. 3:**   Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Without waiving those objections, Plaintiff states that the requested documents have already been produced.

**REQUEST NO. 4.:**   All Documents sufficient to evidence payment for the assignment of the HUEB Trademarks from FR Hueb International to FRHUEB Inc.

**RESPONSE TO REQUEST NO. 4:**   Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Without waiving those objections, Plaintiff will produce representative documents, if any, that are responsive to the Request herein after entry of a Protective Oder.

**REQUEST NO. 5.:**   All Documents sufficient to evidence all transfers and payments from Plaintiff to FR Hueb International from the inception of FRHUEB Inc. to present.

**RESPONSE TO REQUEST NO. 5:**   Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Without waiving those objections, Plaintiff will produce representative documents, if any, that are responsive to the Request herein after entry of a Protective Oder.

**REQUEST NO. 6.:**   All Documents sufficient to evidence all transfers and payments from Plaintiff to Rihen Mehta from the inception of FRHUEB Inc. to present.

**RESPONSE TO REQUEST NO. 6:**  Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Without waiving those objections, Plaintiff will produce representative documents, if any, that are responsive to the Request herein after entry of a Protective Oder.

**REQUEST NO. 7.:**  All Documents sufficient to evidence all transfers and payments from Plaintiff to Priti Harshad Mehta from the inception of FRHUEB Inc. to present.

**RESPONSE TO REQUEST NO. 7:**  Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Without waiving those objections, Plaintiff states it has no such documents.

**REQUEST NO. 8.:**  All Documents sufficient to evidence all transfers and payments from Plaintiff to Harshad Mehta from the inception of FRHUEB Inc. to present.

**RESPONSE TO REQUEST NO. 8:**  Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Without waiving those objections, Plaintiff states it has no such documents.

**REQUEST NO. 9.:**  All Documents sufficient to evidence all Communications to any Consignee about Defendant Thiago from 2019 to the present, including termination of employment.

**RESPONSE TO REQUEST NO. 9:**  Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Without waiving those objections, Plaintiff will produce representative documents, if any, that are responsive to the Request herein

after entry of a Protective Oder.

**REQUEST NO. 10.:** All Documents sufficient to evidence all Communications to any Consignee about Defendant Priscila Hueb from 2019 to the present, including termination of employment.

**RESPONSE TO REQUEST NO. 10:** Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Without waiving those objections, Plaintiff will produce representative documents, if any, that are responsive to the Request herein after entry of a Protective Oder.

**REQUEST NO. 11.:** All Documents sufficient to evidence all agreements for services between Plaintiff and Rihen Mehta from the inception of FRHUEB Inc. to present.

**RESPONSE TO REQUEST NO. 11:** Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Without waiving those objections, Plaintiff will produce representative documents, if any, that are responsive to the Request herein after entry of a Protective Oder.

**REQUEST NO. 12.:** All Documents sufficient to evidence all agreements for services between Plaintiff and Soigne Kothari from the inception of FRHUEB Inc. to present.

**RESPONSE TO REQUEST NO. 12:** Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Without waiving those objections, Plaintiff will produce representative documents, if any, that are responsive to the Request herein after entry of a Protective Oder.

**REQUEST NO. 13.:** All Documents sufficient to evidence all agreements for services between Plaintiff and Priti Harshad Mehta from the inception of FRHUEB Inc. to present.

**RESPONSE TO REQUEST NO. 13:** Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Without waiving those objections, Plaintiff will produce representative documents, if any, that are responsive to the Request herein after entry of a Protective Oder.

**REQUEST NO. 14.:** All Documents sufficient to evidence all agreements for services between Plaintiff and Pratap Dange from the inception of FRHUEB Inc. to present.

**RESPONSE TO REQUEST NO. 14:** Plaintiff invokes the "irrelevance," "overly broad," "privilege," "confidentiality" and "all documents" objections. Without waiving those objections, Plaintiff will produce representative documents, if any, that are responsive to the Request herein and are not privileged, after entry of a Protective Oder.

**REQUEST NO. 15.:** Documents sufficient to evidence all jewelry consignments to Saks Fifth Avenue, including all jewelry sales and current retentions from the inception of FRHUEB Inc. to present.

**RESPONSE TO REQUEST NO. 15:** Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Defendants have not asserted any claim for infringement of any of their property rights or for damages on such claims. Therefore, Plaintiff objects to the request and will not produce the requested, highly confidential information the discovery of which is not relevant, even remotely, to any claim or issue in this matter.

**REQUEST NO. 16.:** Documents sufficient to evidence all jewelry consignments to Bloomingdales, including all jewelry sales and current retentions from the inception of FRHUEB Inc. to present.

**RESPONSE TO REQUEST NO. 16:** Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Defendants have not asserted any claim for infringement of any of their property rights or for damages on such claims. Therefore, Plaintiff objects to the request and will not produce the requested, highly confidential information the discovery of which is not relevant, even remotely, to any claim or issue in this matter.

**REQUEST NO. 17.:** Documents sufficient to evidence all jewelry consignments to Nordstrom, including all jewelry sales and current retentions from the inception of FRHUEB Inc. to present.

**RESPONSE TO REQUEST NO. 17:** Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Defendants have not asserted any claim for infringement of any of their property rights or for damages on such claims. Therefore, Plaintiff objects to the request and will not produce the requested, highly confidential information the discovery of which is not relevant, even remotely, to any claim or issue in this matter.

**REQUEST NO. 18.:** Documents sufficient to evidence all jewelry consignments to Nieman Marcus, including all jewelry sales and current retentions from the inception of FRHUEB Inc. to present.

**RESPONSE TO REQUEST NO. 18:** Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Defendants have not asserted any claim for infringement of any of their property rights or for damages on such claims. Therefore, Plaintiff objects to the request and will not produce the requested, highly confidential information the discovery of which is not relevant, even remotely, to any claim or issue in this matter.

**REQUEST NO. 19.:** Documents sufficient to evidence all jewelry consignments to any other department store, including all jewelry sales and current retentions from the inception of FRHUEB Inc. to present.

**RESPONSE TO REQUEST NO. 19:** Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Defendants have not asserted any claim for infringement of any of their property rights or for damages on such claims. Therefore, Plaintiff objects to the request and will not produce the requested, highly confidential information the discovery of which is not relevant, even remotely, to any claim or issue in this matter.

**REQUEST NO. 20.:** Documents sufficient to evidence all jewelry consignments to any other online outline, including sales and current retentions from the inception of FRHUEB Inc. to present.

**RESPONSE TO REQUEST NO. 20:** Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Defendants have not asserted any claim for infringement of any of their property rights or for damages on such claims. Therefore,

Plaintiff objects to the request and will not produce the requested, highly confidential information the discovery of which is not relevant, even remotely, to any claim or issue in this matter.

**REQUEST NO. 21.:** Documents sufficient to evidence all transfers or payments for acquisition of raw materials, including jewels, silver and gold, from any source, including but not limited to Rosy Blue or other Mehta Family Businesses from the inception of FRHUEB Inc. to present.

**RESPONSE TO REQUEST NO. 21:** Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Defendants have not asserted any claim for infringement of any of their property rights or for damages on such claims. Therefore, Plaintiff objects to the request and will not produce the requested, highly confidential information the discovery of which is not relevant, even remotely, to any claim or issue in this matter.

**REQUEST NO. 22.:** Documents sufficient to evidence all advertising or promotional material, from the inception of FRHUEB Inc. to present, Relating to any member of the Hueb family or the Hueb family jewelry business (including but not limited to Defendants Thiago and Priscila, FR Hueb Brazil Ltda., Rogério Hueb and/or Fadua Miguel Hueb).

{02867413.1}                                               12

**RESPONSE TO REQUEST NO. 22:** Plaintiff invokes the "irrelevance," "overly broad," "confidentiality" and "all documents" objections. Without waiving those objections, Plaintiff will produce representative documents, if any, that are responsive to the Request herein.

Dated: August 21, 2023  
New York, New York

Respectfully submitted,

/s/ Max Moskowitz
Max Moskowitz
OSTROLENK FABER LLP
845 Third Avenue, 17th Floor
New York, New York 10022
Telephone: (212) 596-0500
Facsimile: (212) 382-0888
E-mail: mmoskowitz@ostrolenk.com
E-mail: apeikes@ostrolenk.com

***Attorneys for Plaintiff, FRHueb, Inc.***

CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of August, 2023, a copy of the foregoing **PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** was served by e-mail on all counsel identified in the below service list.

/s/ Max Moskowitz
Max Moskowitz
OSTROLENK FABER LLP

Jeannette Maurer Carmadella (DC Bar #500586)
Arnold P. Lutzker (DC Bar #101816)
LUTZKER & LUTZKER LLP
1233 20th Street NW, Suite 703
Washington, DC 20036
Telephone: (202) 408-7600
Facsimile: (202) 408-7677
E-mail: jeannette@lutzker.com
E-mail: arnie@lutzker.com

***Attorneys for Defendants, Thiago Sabino De Freitas Abdala and Priscila Patto***