UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

FRHUEB, INC,

                Plaintiff,

v.

THIAGO SABINO DE FREITAS ABDALA and PRISCILA PATTO,

                Defendants.

No. 21-cv-7395 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    Plaintiff FRHUEB, Inc. moves to dismiss Defendants Thiago Sabino De Freitas Abdala and Priscila Patto's counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(7). *See* Dkt. 183. For the following reasons, Plaintiff's motion is denied as untimely.

    On August 11, 2022, the Court ordered that any motions to dismiss be filed within two weeks after a decision on Defendants' motion to stay. *See* Dkt. 145. Judge Parker granted Defendants' motion to stay on September 30, 2022, *see* Dkt. 157, and the stay was lifted on March 1, 2023, in light of the resolution of a foreign proceeding, *see* Dkt. 165. Plaintiff, however, did not file its motion to dismiss until August 18, 2023—more than five months after the stay was lifted. *See* Dkt. 183.

    Plaintiff argues that it was granted permission to file the motion to dismiss by virtue of an order that Judge Parker issued on June 21, 2023. Plaintiff misreads Judge Parker's order. On June 15, 2023, Plaintiff submitted to Judge Parker "a pre-motion letter to strike . . . Defendants' Counterclaims in their Answer," *see* Dkt. 176, and on June 21, 2023, Judge Parker ordered that the "motion to strike . . . be filed by August 21, 2023," *see* Dkt. 178. Judge Parker's order thus permitted Plaintiff to file a motion to strike, not a motion to dismiss. Even if the Court were to

construe Plaintiff's motion as a motion to strike, however, it would be to no avail, given that "Rule 12(f), which authorizes a motion to strike an insufficient defense or improper material in a pleading[,] should not be used to dismiss [a] counterclaim." *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 101 (2d Cir. 2019) (emphasis omitted); *see also Thor 680 Madison Ave. LLC v. Qatar Luxury Grp. S.P.C.*, 2022 WL 836890, at *7 (S.D.N.Y. Mar. 21, 2022) ("Because the Second Circuit has held that motions to strike under Rule 12(f) should not be used to dismiss [a] counterclaim, [the plaintiff's] motion to strike [the] [d]efendant's counterclaims will be denied." (internal quotation marks omitted)).

Courts routinely deny motions that are untimely filed. *See, e.g.*, *Rosenshein v. Kushner*, 2016 WL 4508756, at *3 n.6 (S.D.N.Y. Aug. 26, 2016) (discussing how "the Court denied the [defendant's] motion [to dismiss] as untimely" where the defendant did not comply with the court's scheduling order); *NAS Elecs., Inc. v. Transtech Elecs. PTE Ltd.*, 262 F. Supp. 2d 134, 150 (S.D.N.Y. 2003) ("The failure to abide by the Court's scheduling order without any showing of good cause is sufficient grounds to deny the plaintiffs' motion for summary judgment."); *Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez S DE R L DE C.V.*, 2020 WL 7695712, at *2 (S.D.N.Y. Dec. 28, 2020) (discussing the prior denial of the defendant's request for "leave to file a motion to dismiss, which [was] denied as 'very untimely'"); *Barker v. Rokosz*, 2021 WL 1062246, at *3 (E.D.N.Y. Mar. 18, 2021) ("[B]ecause [the defendant] did not comply with the scheduling of her motion to dismiss by the . . . deadline, she was foreclosed from moving to dismiss the complaint."); *S.E.C. v. iShopNoMarkup.com, Inc.*, 2013 WL 132652, at *2 (E.D.N.Y. Jan. 10, 2013) (discussing the prior denial of the defendant's "request for leave to file a motion for summary judgment as untimely" where the court's scheduling order required dispositive motions to be filed by an earlier date); *see also Cea v. Access 23 TV*, 2015 WL 5474070, at *3 (S.D.N.Y. Sept. 15, 2015) ("[I]t is well[ ]within the Court's discretion to deny with prejudice [a party's]

motion for summary judgment for failure to comply with the Court's rules."). Indeed, "courts retain the discretion to dictate the timing of a motion. This discretion resides in 'the inherent power of every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Charter Nat. Life Ins. Co. v. FPL Grp. Cap., Inc.*, 1997 WL 151033, at *1 (S.D.N.Y. Apr. 1, 1997) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *cf. Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997) ("A court's inherent power to control its docket is part of its function of resolving disputes between parties."). The Court thus denies Plaintiff's motion as untimely.

To be sure, there is a "preference to resolve dispositive motions on the merits." *Cea*, 2015 WL 5474070, at *3. Discovery in this action is complete and both parties have indicated their intent to file motions for summary judgment, which are due on February 29, 2024. *See* Dkt. 205. Accordingly, Plaintiff is free to raise its arguments in its motion for summary judgment. *See, e.g.*, *Seneca Nation v. Hochul*, 58 F.4th 664, 669 n.19 (2d Cir. 2023) (noting that the "defendants may . . . move at summary judgment" that "the action should be dismissed under Rule 19"); *TMT Co. v. JPMorgan Chase Bank*, 2019 WL 1511024, at *6 (S.D.N.Y. Mar. 28, 2019) (granting the defendant's motion "for summary judgment pursuant to Federal Rule of Civil Procedure 56 and Federal Rule of Civil Procedure 19"). There is thus no prejudice to Plaintiff.

For the foregoing reasons, the Court denies Plaintiff's motion to dismiss. The Clerk of Court is respectfully directed to terminate the motion pending at ECF No. 183.

SO ORDERED.

Dated:    February 21, 2024
          New York, New York

                                                    _____
                                                    Ronnie Abrams
                                                    United States District Judge