UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRHUEB, INC.,

                Plaintiff,

-against-

THIAGO SABINO DE FREITAS ABDALA and
PRISCILA PATTO,

                Defendants.

21-CV-07395 (MMG)

**ORDER ADOPTING**
**REPORT AND**
**RECOMMENDATION**

MARGARET M. GARNETT, United States District Judge:

Before the Court is Magistrate Judge Parker's Report & Recommendation on the motions for summary judgment in this case, and Defendants' objection to one of the conclusions of that Report & Recommendation. For the reasons set forth below, Judge Parker's Report & Recommendation is adopted in its entirety, summary judgment is granted to the Defendants on all Plaintiff's claims, and summary judgment is granted to Plaintiff on all Defendants' Counterclaims other than Counterclaim 9.

## BACKGROUND

On March 15, 2024, Plaintiff/Counterclaim Defendant FRHUEB, Inc. ("Plaintiff") and Defendants/Counterclaim Plaintiffs Thiago Sabino de Freitas Abdala and Priscila Patto ("Defendants") filed cross-motions for summary judgment. *See* Dkt. Nos. 209 ("Pl. Mot."); 210, 212 ("Defs. Mot."). Defendants moved for summary judgment on each of Plaintiff's ten causes of action in the Complaint, comprised of four claims under the Lanham Act for trademark infringement, false designation of origin/false description, false advertising, and trademark dilution (Counts 1–4) and various New York law claims for injury to business reputation and dilution under New York General Business Law ("N.Y. G.B.L.") § 360-1, deceptive business

1

practices/unfair competition under N.Y. G.B.L. § 349, common law trademark infringement, unfair competition and misappropriation, unjust enrichment, breach of fiduciary duty, and breach of fiduciary duty under New York's faithless servant doctrine (Counts 5–10).  *See* Defs. Mot. Plaintiff moved for summary judgment on each of Defendants' ten asserted counterclaims for: (1) fraudulent misrepresentation; (2) fraudulent inducement by Plaintiff; (3) breach of contract; (4) unjust enrichment; (5) breach of fiduciary duty; (6) violations of the Lanham Act for false designation of origin, false endorsement, false association, and false description; (7) violation of the Lanham Act for false advertising, (8) unfair competition and "passing off" under New York common law; (9) violation of the right of publicity; and (10) violation of N.Y. G.B.L. § 349.  *See* Pl. Mot.

On June 28, 2024, Magistrate Judge Parker entered a Report & Recommendation recommending that this Court (i) grant Defendants' motion for summary judgment in its entirety and enter judgment for Defendants on all claims asserted in the Complaint, and (ii) grant Plaintiff's motion for summary judgment on Counterclaims 1 through 8 and 10, and deny Plaintiff's motion for summary judgment on Counterclaim 9, which asserts a cause of action for a violation of the right of publicity under New York law.  Dkt. No. 223 ("R&R").

On July 12, 2024, Defendants objected to the portion of the R&R that recommended granting Plaintiff's motion for summary judgment on Defendants' Counterclaim 6 (alleging false designation of origin, false endorsement, false association, and false description under 15 U.S.C. § 1125(a)(1)(A) of the Lanham Act) and Counterclaim 7 (alleging false advertising under 15 U.S.C. § 1125(a)(1)(B) of the Lanham Act).  *See* Dkt. 224 ("Defs. Objections").  Defendants did *not* object to any other portion of the R&R.  *See id.*  On July 18, 2024, Plaintiff opposed

2

Defendants' objections. *See* Dkt. No. 225 ("Plaintiff's Opp. to Objections"). Plaintiff did not file its own independent objections to any aspect of the R&R.

## DISCUSSION

The facts underlying the parties' claims and counterclaims are extensively outlined in the R&R, familiarity with which is assumed, and which is attached to this Opinion for ease of reference.

### I.     STANDARD OF REVIEW

A district court reviewing a report and recommendation addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Bradley v. Comm'r of Soc. Sec.*, No. 12-CV-7300 (ER), 2015 WL 1069307, at *1 (S.D.N.Y. Mar. 11, 2015) (same). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2), parties may submit objections to the Magistrate Judge's report and recommendation. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). When a party submits timely and specific objections to a report and recommendation, the district court is required to make a *de novo* determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with [the] objections and replies." *Bandhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). However, where a party's objections are "conclusory or general," or where the party "simply reiterates its original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie*, No. 96-CV-0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); *accord Cartagena v. Connelly*, 06-CV-2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008). Furthermore, the district court "may adopt those portions of the . . . report to

3

which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Eisenberg v. New England Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (quoting Fed. R. Civ. P. 72(b)(2)); *see also Alverio v. Colvin*, No. 13-CV-4722, 2015 WL 1062411, at *1 (S.D.N.Y. Mar. 9, 2015) ("When the parties make no objections to the [r]eport [and recommendation], the [c]ourt may adopt [it] if there is no clear error on the face of the record." (internal references omitted) (quoting *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005)).

## II.   DEFENDANTS' OBJECTIONS

The Court has reviewed Defendants' objections and Plaintiff's opposition to the objections, the record, the applicable legal authorities, and the portions of the R&R to which Defendants object *de novo*, and concludes that for the reasons stated in Judge Parker's thorough and well-reasoned R&R that Defendants' objections are without merit. *See* R&R at 25–27.

### A.  S.D.N.Y. Local Rule 7.1(a)

First, Defendants re-raise general arguments made in their original motion relating to Plaintiff's motion for summary judgment being procedurally improper under Southern District of New York Local Rule 7.1(a). *See* Defs. Objections at 2. Local Rule 7.1(a) sets forth the requirements for motion papers, namely that they include (1) a notice of motion, (2) a memorandum of law, and (3) supporting affidavits and exhibits thereto containing factual information necessary for the decision of the motion. In the R&R, Judge Parker addressed this argument explicitly and agreed with Defendants that Plaintiff's motion was not filed in accordance with Local Rule 7.1(a), but declined to recommend dismissal of the motion on this procedural ground because there was no basis for a finding of prejudice to Defendants from the lack of a notice of motion. *See* R&R at 25.

The Court finds Defendants' objection on this point to be conclusory and merely a reiteration of arguments raised in its original motion, and therefore reviews the pertinent portion of the R&R for clear error only. *See Walker*, 216 F. Supp. 2d at 292. Judge Parker's analysis regarding compliance with Local Rule 7.1(a) was not made in error, and indeed the Court agrees with Judge Parker that Plaintiff's motion, while admittedly lacking a notice of motion, included a memorandum of law and supporting documents sufficient for Defendants to adequately be on notice of the arguments raised. Therefore, no prejudice could result. Even if the Court were required to review this portion of the R&R *de novo*, the Court would reach the same conclusion, as the totality of the briefing below clearly illustrates that this procedural error did not prejudice Defendants in any meaningful way. Judge Parker's analysis and recommendation as to the applicability of Local Rule 7.1(a) to Plaintiff's motion for summary judgment, *see* R&R at 25, is thus ADOPTED.

### B. Defendants' Lanham Act Counterclaims for False Designation of Origin, False Endorsement, False Association, False Description, and False Advertising

Defendants next object to Judge Parker's recommendation that this Court grant Plaintiff's motion for summary judgment on Counterclaims 6 and 7 because Defendants have not demonstrated the threshold standing requirement of an injury to a commercial interest in reputation or sales. *See* Defs. Objections at 2–5; *see also* R&R at 27. Defendants argue, *inter alia*, that Judge Parker's recommendation was erroneous because there remains a genuine dispute of material fact as to whether Defendants suffered commercial injury (i) "as a result of Plaintiff's misrepresentations about the history of the HUEB brand and name, Plaintiff's claim to ownership of the Hueb Marks," and/or (ii) "due to the injunction entered into on January 4, 2022," that allegedly prevented Defendants from using their surname "Hueb" in connection with the sale of jewelry. *See* Defs. Objections at 4–5 (emphasis omitted). Both arguments are

5

meritless.  Indeed, the Court finds Judge Parker's recommendation that Defendants lacked standing to assert these Lanham Act claims due to the lack of allegations or evidence of "an injury to a *commercial* interest in reputation or sales," R&R at 27 (emphasis in original), well-grounded in both the applicable law and in the factual record before the Court.

The Supreme Court in *Lexmark International, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014), made clear that claims brought under the Lanham Act provisions relevant to Counterclaims 6 and 7 must allege "injury to a commercial interest in reputation or sales" that is "proximately caused" by a violation of the Act.  In other words, the economic or reputational injury alleged must "flow[] directly from the deception wrought by the defendant's adverting," which occurs "when deception of consumers causes them to withhold trade from the plaintiff." *Lexmark*, 572 U.S. at 133.  As Judge Parker stated in the R&R, it is undisputed that Defendants have never advertised or sold jewelry under the brand name "Hueb," nor did they present any evidence of current or future plans to do so.  R&R at 27.  Conclusory statements (raised only by attorneys in Defendants' objections, and not in sworn witness affidavits) that were it not for "Plaintiff's misrepresentations [ . . . ] Defendants would have been confidently able to operate their business freely while using their family name[,]" Defs. Objections at 4, are not sufficient to establish standing in the form of a concrete injury to a commercial interest in reputation or sales, as required by the pertinent provisions of the Lanham Act.  *See Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995) ("[A] party 'may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment.' . . . '[M]ere conclusory allegations or denials' . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." (first quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir.

6

1986) (second quoting *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir. 1980)).

Furthermore, Defendants cannot rely on an injunction issued by the Court in this proceeding as a basis for creating a genuine dispute of material fact as to whether they suffered a "commercial injury" under the meaning of the Lanham Act. *See* Defs. Objections at 4–5. Defendants claim that the interim injunction issued on multiple occasions by Judge Abrams, the District Judge formerly assigned to this matter, "stifled Defendants' opportunities to prove that they suffered any injury, denied them the ability to exploit the family brand, and harmed their reputation in the jewelry industry in the United States." *Id*. at 5. This argument is frivolous on its face and blatantly ignores the fact that Defendants consented—by stipulation—to each iteration of the injunction throughout this case. *See* Dkt. Nos. 78, 108, 118, 121. Even absent Defendants' repeated stipulated consent to the injunction, a court order in this very litigation cannot create a genuine issue of material fact where the factual record is devoid of one. The two cases Defendants cite in support of this argument, *Schoenfeld Indus., Inc. v. Britannia Sales, Ltd.*, 512 F. Supp. 979 (S.D.N.Y. 1981) and *GFC Fin. Corp. v. GFC Cap. Res. Grp., Inc.*, No. 93 CIV. 8001 (PKL), 1994 WL 30432, (S.D.N.Y. Feb. 2, 1994), are opinions denying motions for preliminary injunctions and are entirely irrelevant to the Defendants' failure to put forward evidence sufficient to show they have met the threshold standing requirements of the Lanham Act. For the above stated reasons, the Court ADOPTS the R&R as to Defendants' Counterclaims 6 and 7 over Defendants' objections.

In the absence of any objection to the remainder of the R&R, the Court has examined it for clear error and has found none.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Magistrate Judge Parker's June 28, 2024 Report & Recommendation at Dkt. No. 223 is ADOPTED IN ITS ENTIRETY. Accordingly, Defendants' motion for summary judgment is GRANTED in its entirety, and Plaintiff's motion is GRANTED in part and DENIED in part, as further set forth in Judge Parker's Report & Recommendation.  Plaintiff's Complaint is DISMISSED with prejudice and Defendants' Counterclaims 1–8 and 10 are DISMISSED with prejudice. The Clerk of Court is respectfully directed to terminate Dkt. Nos. 209 and 210.

IT IS FURTHER HEREBY ORDERED that the parties shall submit a joint letter within 14 days proposing next steps for this case, including whether Defendants intend to pursue their remaining counterclaim (Counterclaim 9, asserting a violation of the right of publicity under New York law).  If this case has been settled or otherwise terminated before that date, counsel are not required to submit such a letter, provided that a stipulation of discontinuance, voluntary dismissal or other proof of termination is filed on the docket prior to the date of the conference, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.19 & App'x A, available at https://www.nysd.uscourts.gov/electronic-case-filing.


Dated: March 25, 2025
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge