UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────────┐         ┌──────────────────────────────┐
│ USDC SDNY                               │
│ DOCUMENT                                │
│ ELECTRONICALLY FILED                    │
│ DOC #:_____                     │
│ DATE FILED: 10/16/2025                  │
└──────────────────────────────┘
```

FRHUEB, INC,

                Plaintiffs,

-against-

THIAGO SABINO DE FREITAS ABDALA and
PRISCILA PATTO,

                Defendants.

21-CV-07395 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

Daniel A. Schnapp and Mary Kate Brennan (together, "Dentons") move to withdraw as counsel for Defendants-Counterclaim Plaintiffs Thiago Abdala and Priscila Patto (together, "Counterclaim Plaintiffs"). For the reasons that follow, the motion is GRANTED.

## BACKGROUND

Ms. Patto is the counterclaim-plaintiff for the sole remaining cause of action in this case, which was set to proceed to trial on September 16, 2025. Dentons moved to withdraw on August 26, 2025, the deadline for certain pre-trial submissions. *See* Dkt. No. 254. On August 27, 2025, Dentons and counsel for Counterclaim Defendant FRHUEB, Inc., appeared for an emergency status conference with the Court. At the conference, the Court adjourned the September 16 trial date and all associated deadlines. *See* Dkt. No. 258. The Court also ordered Dentons to inform Ms. Patto that she may be heard on the motion to withdraw, either by filing a letter with the Court or by requesting a videoconference to orally present any objections she may have. *See id.* Per Ms. Patto's request, the Court held an *ex parte* video conference on September 2, 2025, attended by Ms. Patto and her counsel from Dentons. The Court reserved a ruling on Dentons' motion in order to allow time for the parties to engage in additional settlement discussions. On

1

October 3, 2025, Dentons submitted an *ex parte* letter to the Court providing an update and renewing their motion to withdraw. Dkt. No. 259. Over 40 days have now passed since the conferences on August 27 and September 2, with no indication that a settlement is within reach.

## DISCUSSION

### I. MOTION TO WITHDRAW

Rule 1.4 of the Local Civil Rules of this Court governs the withdrawal of counsel. It provides:

> An attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien.

"Whether to grant a motion to withdraw 'falls to the sound discretion of the trial court,' which must analyze two factors: 'the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding.'" *Lombardo v. JPMorgan Chase Bank, N.A.*, No. 20-CV-06813 (VB), 2024 WL 4707937, at *2 (S.D.N.Y. Nov. 7, 2024) (quoting *Marciano v. DCH Auto Group*, 2016 WL 11703590, at *1 (S.D.N.Y. Feb. 2, 2016)).[1]

Dentons cites nonpayment of fees and an "irreconcilable conflict between attorney and client" as the reasons for the requested withdrawal. Dkt. No. 256 at 1. "Courts have repeatedly deemed these types of reasons sufficient bases for withdrawal." *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 99-CV-10175 (KMW), 2025 WL 449545 (S.D.N.Y. Jan. 29, 2025). Ms. Patto does not dispute the alleged nonpayment of fees, and the Court's observations during the September 2 *ex parte* conference confirm that, despite good faith on both sides, an irreconcilable conflict

---

[1] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes and omissions, and adopt alterations.

stands between Ms. Patto and her husband[2] and Dentons. As to the impact of the withdrawal on the timing of the proceeding, the Court notes that Dentons moved for withdrawal mere weeks before the scheduled start of trial. While "courts may deny withdrawal motions when a case is on the verge of trial," *Russo v. Costco Wholesale Corp.*, No. 22-CV-03130, 2025 WL 2393533, at *2 (S.D.N.Y. July 30, 2025), here the circumstances favor granting Dentons' motion. The Court has already adjourned the trial with the consent of both parties, neither of which will suffer significant prejudice from a brief delay. Additionally, given the adjournment, Ms. Patto and any new counsel she retains will be afforded sufficient opportunity for trial preparation notwithstanding Dentons' late withdrawal.

## II. CHARGING LIEN

Dentons has stated that it is asserting a charging lien against Counterclaim Plaintiffs. *See* Dkt. No. 255 ¶ 13. Under New York Judiciary Law Section 475, "[f]rom the commencement of an action . . . the attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, . . . settlement, judgment or final order in his or her client's favor." N.Y. Judiciary Law § 475. "Counsel who withdraw voluntarily are entitled to enforce this charging lien, provided that the withdrawal is for good and sufficient cause." *Karimian v. Time Equities, Inc.*, No. 10-CV-03773 (AKH) (JCF), 2011 WL 1900092, at *4 (S.D.N.Y. May 11, 2011). "This 'good cause' inquiry reflects a higher standard than the 'satisfactory reason' required to successfully withdraw as counsel under Local Civil Rule 1.4." *Delgado v. Donald J. Trump for President, Inc.*, No. 19-CV-11764 (AT) (KHP), 2023 WL 2975155, at *3 (S.D.N.Y. Mar. 10, 2023). Nevertheless, "non-payment of legal fees is

---

[2] Although only Ms. Patto remains in this case as a party, Mr. De Freitas Abdala (Ms. Patto's husband) remains a joint client of Dentons, along with Ms. Patto.

established and accepted good cause for an attorney's withdrawal." *Hall v. ArchCare*, No. 18-CV-00515 (PAC) (SN), 2021 WL 979747, at *4 (S.D.N.Y. Mar. 16, 2021).

Dentons is thus entitled to a charging lien. However, the Court has "discretion to defer ruling on the amount of the charging lien until the amount to be recovered by Plaintiff, if any, has been finally determined." *Joffe v. King & Spalding LLP*, 337 F. Supp. 3d at 370. Given the uncertain state of this litigation, the Court exercises its discretion and will defer ruling on the amount until after the amount to be recovered by Ms. Patto, if any, has been finally determined.

## CONCLUSION

For the foregoing reasons, Dentons' motion to withdraw as attorneys of record and to fix a charging lien on any verdict, settlement, judgment, or final order is this case is GRANTED. The Court defers ruling on the amount of the charging lien until the amount to be recovered by Ms. Patto, if any, has been finally determined.

Dentons is directed to promptly serve this order on Counterclaim Plaintiffs and file proof of such service on the docket; service may be completed electronically. If Ms. Patto does not have new counsel by December 16, 2025, she shall submit a letter to the Court by that date, either (1) requesting additional time to secure counsel, with an explanation about efforts made as of that date; (2) advising the Court that she wishes to proceed to trial *pro se*; or (3) dismissing the remaining counter-claim.

Dated: October 16, 2025
　　　　New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge